HANSON BRIDGETT, LLP
SARAH D. MOTT - 148597
smott@hansonbridgett.com
LISA M. POOLEY - 168737
lpooley@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendant
DANKA OFFICE IMAGING COMPANY

Horowitz & Clayton
A PROFESSIONAL CORPORATION
Craig A. Horowitz, SBN 125159
Wayne D. Clayton, SBN 137564
11900 W. Olympic Blvd., Ste. 620
Los Angeles, CA 90064
(310) 442-1122
(310) 442-2612 fax
hcattys@aol.com

Attorneys for Plaintiff
BLAZE BHENCE

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 1 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Southern Division - Santa Ana)

| | |
|---|---|
| BLAZE BHENCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANKA OFFICE IMAGING COMPANY, a Delaware corporation,<br><br>　　　　　Defendant. | No. SACV08-0046 DOC (ANx)<br><br>[Assigned for all purposes to the Honorable David O. Carter, Courtroom 9-D]<br><br>**STIPULATION FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER** |

　　Discovery in this action involves disclosure by the parties of documents which are contended to be private, confidential, proprietary and trade secret. Such documents, and any copies, extracts or summaries

- 1 -
STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE
ORDER (Case No.: SACV08-46 DOC (ANx))

1476190.1

thereof, and any information obtained therefrom, may be designated "Confidential Information" (hereinafter "Confidential Information" or "Confidential").

1. The restrictions of this Protective Order shall apply to such Confidential Information.

2. Except upon prior written consent of the party or counsel for the party asserting Confidential treatment, or upon further order of this court, documents, testimony, information or material designated as Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose whatsoever.

3. Such disclosure shall be limited to the following persons:

    a. Plaintiff Blaze Bhence, Danka Office Imaging Company current employees with a need to know;

    b. The attorneys working on this action on behalf of the named parties and their respective paralegal, secretarial and necessary clerical staff;

    c. Any expert witness who is retained or consulted by an attorney for a party to assist in the prosecution or defense of this action;

    d. Any potential deponent or potential trial witness where the Confidential Information is relevant to a subject matter of which the potential deponent would be likely to have knowledge or on which the potential witness is to be questioned;

    e. Any discovery referee, arbitrator or neutral mediator appointed by the Court or agreed by the parties to preside over disputes in this action;

    f. Court reporters, as necessary;

    g. The Court;

        h.    Jurors; and

        i.    Such other persons as are agreed to in writing by the parties or by the Court order.

4.    Documents, testimony, information or materials marked Confidential shall not be disclosed to any party to this litigation, or expert or consultant, unless and until such person has signed and returned to counsel for that party a written agreement that he/she/it has read and agrees to be bound by the terms of this Protective Order.

5.    In the event any party challenges the appropriateness of the designation of a document as Confidential, he or it may, after meeting and conferring with the party designating the document as Confidential, move the Court to have the designation removed.

6.    This Protective Order shall remain in force and effect during the time in which an appeal from the entry of judgment may be taken; and, if an appeal is taken, during the pendency of the appeal and until exhaustion of all appellate remedies and/or expiration of the time within which a party might seek such remedies.

7.    This Stipulation shall become binding upon the parties to the Stipulation immediately upon its execution by the parties, and shall remain in full force and effect until another written agreement or Court order modifies, supersedes or terminates it.

8.    Upon termination of this litigation, all originals and copies of Confidential documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party or destroyed (if the documents are not originals and are subject to privilege rights of the party to whom the Confidential Information was produced) unless otherwise ordered by the Court for good cause shown.

```
 1   IT IS SO STIPULATED.
 2   DATED: May 27, 2008              HANSON BRIDGETT, LLP
 3
 4                              By:   _Sarah D Mott_____
 5                                    SARAH D. MOTT
                                      Attorneys for Defendant
 6                                    DANKA OFFICE IMAGING COMPANY

 7   DATED: May 27, 2008              HOROWITZ & CLAYTON
 8
 9                              By:   _Craig A H_____
10                                    CRAIG HOROWITZ
                                      Attorneys for Plaintiff
11                                    BLAZE BHENCE

12   IT IS SO ORDERED.
13
14
15   DATED: _____, 2008        _____
16                                    HON. DAVID O. CARTER
```

## ORDER

**FOR GOOD CAUSE SHOWN**, the foregoing Protective Order, requested by stipulation of the parties, is hereby entered.

Documents subject to this order may be filed under seal only by specific order of the Court. If a party desires to file a document subject to this order under seal, the party shall submit a stipulation signed by all parties explaining specifically what documents are at issue and why they deserve heightened protection from disclosure. If the parties are unable to reach a stipulation, the party desiring the file under seal may submit an *ex parte* application, explaining both why the Court should allow the filing to be under seal and also why the parties were unable to reach a stipulation. Only in exceptional circumstances will the Court allow briefs to be filed under seal.

**IT IS SO ORDERED.**

Dated: ___June 18, 2008___

*David O. Carter*
DAVID O. CARTER
United States District Court Judge